IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| GLOBAL PAYMENTS DIRECT, INC., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
|  | : | 1:14-CV-2634-LMM |
| INTELLIGENT PAYMENTS, LLC, | : | |
| INTELLIGENT CONTACTS, LLC, | : | |
| JEFFREY KENDALL MAINS, and | : | |
| JOHN WESLEY SHUTT, | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiff-Counterclaim Defendant Global Payments Direct, Inc.'s ("Global") Motion for Judgment on Defendant-Counterclaim Plaintiff Intelligent Payments, LLC's ("Intelligent Payments") Counterclaims [18]. After reviewing the record, the Court enters the following Order.

**I.   Background**

Plaintiff Global is a credit and debit card processing business. In 2011, Global entered into a Merchant Services Agreement ("MSA") with Intelligent Payments. The MSA provided that Intelligent Payments would be an Independent Sales Organization ("ISO") of Global.

Plaintiff filed its Complaint in the State Court of Fulton County, Georgia, alleging that Intelligent Payments breached the MSA in February 2014 by servicing merchants prohibited by the MSA's credit policy. Those merchants allegedly caused excessive credit and debit card chargebacks, for which Global seeks repayment. Intelligent Payments filed its Answer and Counterclaim, asserting claims for breach of contract and negligent misrepresentation against Global. Global now moves for judgment on the pleadings on Intelligent Payments's counterclaims.

## II. Discussion

Global contends that judgment on the pleadings is appropriate because Intelligent Payments fails to state claims upon which relief can be granted.

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citing FED.R.CIV.P. 12(c)). The legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). Id.; Roma Outdoor Creations, Inc v. City of Cumming, Ga., 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008).

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable

2

legal theory. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (3d ed. 2002); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

To state a claim under Rule 12(b)(6) "detailed factual allegations" are not required, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when it provides the factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

A. Breach of Contract

Intelligent Payments asserts that the parties agreed in the MSA that Global would conduct independent credit reviews of higher risk merchants, perform routine fraud and risk monitoring, and use reasonable efforts to process chargebacks. Intelligent Payments claims that Global breached the MSA by:

> (a) failing to conduct any Risk Monitoring; (b) failing to properly and timely dispute [chargebacks]; (c) failing to terminate merchants, despite high chargeback rates; (d) failing to communicate with

>Intelligent with respect to its requests for assistance with chargebacks; (e) failing to set adequate reserves for the Merchants; and (f) other acts according to proof."

Counterclaim, Dkt. No. [6] ¶ 18.

In Georgia, the elements for a breach of contract claim are "the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Norton v. Budget Rent A Car Sys., Inc., 705 S.E.2d 305, 306 (Ga. Ct. App. 2010).

Global argues that Intelligent Payments cannot establish breach of contract because the MSA, attached to Global's Complaint [1-1] as Exhibit A, flatly contradicts Intelligent Payments's assertions of what Global's obligations were.

First, the Court addresses Intelligent Payments's claim (a)—that Global failed to conduct any risk monitoring. Intelligent Payments cites Paragraph B.2 of the MSA, which states "Global will have the right, but not the obligation as to the ISO, to perform fraud and risk monitoring efforts, and Global's efforts or lack thereof shall have no effect on the allocation of liability to the ISO." Compl. Exh. A. Dkt. No. [1-1] at 39. This provision makes clear that Global had no obligation to conduct risk monitoring; therefore, its failure to do so does not state a claim for breach of the MSA.

Intelligent Payments also claims that Global breached the MSA by "(b) failing to properly and timely dispute chargebacks," citing Paragraph B.4 of the MSA. That provision, entitled "Chargebacks and Credit Losses," states "Global

4

agrees to use reasonable efforts to process retrieval requests and chargebacks relating to Merchants. ISO shall bear any and all losses, costs, or expenses . . . arising from or related to . . . losses arising out of or related to any Merchant and/or any Merchant Agreement, including without limitation any chargebacks and credit losses." Compl. Exh. A., Dkt. No. [1-1] at 40. There is no language in this provision, or elsewhere in the MSA, imposing a duty on Global to **dispute** chargebacks.[1] As such, this allegation does not state a claim for breach.

The remaining allegations of breach are that Global (c) failed to terminate merchants despite high chargeback rates, (d) failed to communicate with Intelligent Payments with respect to its requests for assistance with chargebacks, and (e) failed to set adequate reserves for the Merchants.[2] Intelligent Payments provides no citations to the MSA in support of those contract claims.

After a review of the MSA, the Court can find no provisions that obligate Global to perform tasks (c) and (e). Instead, the section entitled "Merchant Enrollment and Accounting Data" provides that "[e]xcept as otherwise set forth herein, ISO may (a) add Merchant accounts, **close Merchant accounts**, and make changes to the Merchant's account information and processing parameters,

---

[1] The MSA includes a merger clause providing that "This Agreement and the Appendices hereto (a) contain the full understanding of the parties with respect to the subject matter hereof, and (b) supersede and replace all correspondence, understandings and communications between the parties hereto with respect to the transactions contemplated by this Agreement." Compl. Exh. A., Dkt. No. [1-1] at 46, O.1.

[2] Intelligent Payments does not provide enough information to enable the Court to evaluate claim (f) for "other acts according to proof." Therefore, the Court dismisses that claim.

and (b) **place a Merchant on reserve or take a Merchant off of reserve."** Compl. Exh. A., Dkt. No. [1-1] at 42 (emphasis added). This provision indicates that it was in fact Intelligent Payments, not Global, which had the authority to terminate merchants with high chargeback rates and set adequate reserves for merchants. With regard to claims (c) and (e), the Court finds that Intelligent Payments has not stated a claim for breach of contract because there is nothing in the MSA that requires Global to perform the obligations Intelligent Payments alleges are required.

As for claim (d), the Court finds no provision in the MSA that explicitly obligates Global to communicate with Intelligent Payments to assist with chargebacks as alleged in claim (d). However, Paragraph B.4, discussed above, requires Global "to use reasonable efforts to process retrieval requests and chargebacks relating to Merchants." Compl. Exh. A, Dkt. No. [1-1] at 40. Assuming, without deciding, that Intelligent Payments's allegation (d) is a breach of Paragraph B.4, the Court will evaluate the remaining elements of breach of contract.

Global contends that Intelligent Payments fails to establish resultant damages, the second element of breach of contract.[3] Intelligent Payments alleges in its Counterclaim that it has suffered damages as a proximate result of Global's

---

[3] Global argues that Intelligent Payments fails to establish resultant damages for each of the alleged breaches. Because the Court determines that Intelligent Payments has not established breach with regard to claims (a)-(c), (e), and (f) it does not address resultant damages for those claims.

6

breach. However, Global points to the MSA provision requiring Intelligent Payments to "**bear any and all losses**, costs, or expenses, including reasonable outside attorney's fees, arising from or related to (a) all losses arising out of or related to any Merchant and/or any Merchant Agreement, including without limitation any chargebacks and credit losses . . . ." Compl. Exh. A., Dkt. No. [1-1] at 40 (emphasis added). This provision clearly and unambiguously places the burden of merchant chargebacks on Intelligent Payments. Therefore, the Court finds that Intelligent Payments's claim of resultant damages is not plausible.

Intelligent Payments's Counterclaim does not state a claim for breach of contract, therefore Global's Motion for Judgment on the Pleadings [18] is **GRANTED** with regard to this claim.

B.  Negligent Misrepresentation

Intelligent Payments also asserts a claim for negligent misrepresentation. Specifically, Intelligent Payments claims that Global falsely represented that it "would be conducting (a) independent credit reviews, (b) fraud and risk monitoring, and (c) reasonable efforts to dispute chargebacks."

The essential elements of negligent misrepresentation in Georgia are "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." Marquis Towers, Inc. v. Highland Grp., 593 S.E.2d 903, 906 (Ga. Ct. App. 2004).

Negligent misrepresentation is included in the category of fraud claims that must be pled with particularity. DIRECTV, LLC v. Stanley Wells, No. 1:13-CV-28 WLS, 2013 WL 6036686, at *2 (M.D. Ga. Nov. 13, 2013). The pleading standard for fraud is more rigorous and requires that a party "must state with particularity the circumstances constituting fraud or mistake." FED.R.CIV.P. 9(b). Rule 9(b) may be satisfied if the pleading sets forth: (1) the precise statements, documents, misrepresentations, or omissions made; (2) the time, place, and person responsible for the statement or omission; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).

Intelligent Payments's Counterclaim alleges that Global "acted negligently in falsely representing" and it "knew or should have known that its representations were false." Dkt. No. [6] ¶¶ 22-23. However, Intelligent Payments does not set forth any details about the alleged misrepresentations, including the precise statements that were made, by whom they were made, and when they were made. Therefore, Intelligent has failed to plead negligent misrepresentation with the requisite particularity required by Rule 9(b).[4]

---

[4] In addition, the Court finds that Intelligent Payments's claim for negligent misrepresentation is not likely plausible for the reasons discussed in Section II.A. of this Order.

8

Because Intelligent Payments's Counterclaim does not state a claim for negligent misrepresentation under Rules 8(a)(2) or 9(b), Global's Motion for Judgment on the Pleadings [18] is **GRANTED** with regard to this claim.

### III. Conclusion

Plaintiff-Counterclaim Defendant Global Payments Direct, Inc.'s Motion for Judgment on Defendant-Counterclaim Plaintiff Intelligent Payments, LLC's Counterclaims [18] is hereby **GRANTED**.

**IT IS SO ORDERED** this 6th day of March, 2014.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE