IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLOBAL PAYMENTS DIRECT, INC., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-2634-LMM |
| INTELLIGENT PAYMENTS, LLC, | : | |
| INTELLIGENT CONTACTS, LLC, | : | |
| JEFFREY KENDALL MAINS, and | : | |
| JOHN WESLEY SHUTT, | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Defendant Jeffrey Kendall Mains and Defendant John Wesley Shutt's ("Individual Defendants") Motion to Dismiss for Lack of Personal Jurisdiction [7]. After reviewing the record, the Court enters the following Order.

**I.   Background**

Plaintiff Global is a Georgia-based credit and debit card processing business. In 2011, Global entered into a Merchant Services Agreement ("MSA") with Intelligent Payments, a Nevada corporation with its principal place of business in Texas. The MSA provided that Intelligent Payments would be an Independent Sales Organization of Global. Individual Defendants, Jeffrey Mains and John Shutt, are the principals of Intelligent Payments. Mains is a resident of

Texas, while Shutt is a resident of Tennessee. Mains executed the MSA on behalf of Intelligent Payments, and both Individual Defendants executed personal guaranties attached to the MSA. The MSA contained a forum selection clause providing that it should be construed in accordance with the laws of the Georgia and all actions should be brought in Georgia courts.

Plaintiff filed its Complaint in the State Court of Fulton County, Georgia, alleging that Intelligent Payments breached the MSA in February 2014 by servicing merchants that failed to meet relevant criteria and subsequently failing to pay past due amounts to Global. Plaintiff contends that Intelligent Payments, Intelligent Contacts, Inc. (a cross-corporate guarantor of the MSA), and Individual Defendants are jointly and severally liable to it for 1.9 million dollars. All Defendants consented to removal to this Court on the basis of diversity jurisdiction.

## II. Discussion

Individual Defendants assert that this Court does not have personal jurisdiction over them.

When a federal court sits in diversity, it properly may exercise personal jurisdiction over the defendant "only if two requirements are met: (1) the state long-arm statute, and (2) the Due Process Clause of the Fourteenth Amendment." Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999). Thus, the Court uses a "two-step inquiry in determining whether the exercise of personal jurisdiction over a non-resident defendant is proper." Internet Solutions Corp. v.

Marshall, 557 F.3d 1293, 1295 (11th Cir. 2009). First, courts must consider whether the exercise of personal jurisdiction over the defendant would comport with Georgia's long-arm statute. Id. If so, courts then consider whether the defendant has sufficient minimum contacts with the state such that the exercise of jurisdiction would not offend Due Process notions of "fair play and substantial justice." Id. Finally, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009).

Motions to dismiss for lack of personal jurisdiction filed at the pleading stage should be "treated with caution" and granted only if the plaintiff has failed to allege "sufficient facts . . . to support a reasonable inference that the defendant can be subjected to jurisdiction . . . ." Bracewell v. Nicholson Air Servs., Inc., 680 F.2d 103, 104 (11th Cir. 1982). When considering a motion to dismiss for lack of personal jurisdiction, the Court "must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. In addition, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the Court must construe all reasonable inferences in favor of the non-movant plaintiff." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988) (internal citations omitted).

"When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as

3

would the state's supreme court." <u>Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.</u>, 593 F.3d 1249, 1258 (11th Cir. 2010). Under the Georgia long-arm statute, "A court of this state may exercise personal jurisdiction over any nonresident . . . in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she . . . transacts any business within this state." O.C.G.A. § 9-10-91(1).[1] This provision grants personal jurisdiction to the maximum extent permitted by procedural due process, without regard to whether the Defendant is physically present in Georgia. <u>Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa</u>, 620 S.E.2d 352, 355-56 (Ga. 2005).

"'[T]ransacts any business' requires that the nonresident defendant has purposefully done some act or consummated some transaction in Georgia." <u>Diamond Crystal</u>, 593 F.3d at 1264. Courts thus consider both a nonresident's tangible and intangible conduct, such as "mail, telephone calls, and other 'intangible' acts"—even if they occurred outside of Georgia—to determine "whether it can fairly be said that the nonresident has transacted any business within Georgia." <u>Id.</u> <u>See also</u> <u>id.</u> at 1264 n.18 (finding "instructive the literal definition of the words in the statute" and providing the definitions of *transact,*

---

[1] Georgia's long-arm statute also reaches nonresidents whose conduct brings them within the ambit of five other subsections. O.C.G.A. § 9-10-91. Plaintiff's Complaint does not specify which subsection of the long-arm statute authorizes personal jurisdiction over the Individual Defendants, but subsection (1) is the only subsection referred to in its Response Brief [9]. While the Individual Defendants addressed subsections (1) and (3) in their Motion to Dismiss [7], Plaintiff did not oppose Defendants' argument with regard to subsection (3) and therefore concedes that personal jurisdiction would not be proper under that subsection.

*any* and *business* from WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993)); Lima Delta Co. v. Global Aerospace, Inc., 752 S.E.2d 135, 139-40 (Ga. Ct. App. 2013) (noting that post-Innovative Clinical long-arm jurisdiction may be "based on business conducted by the defendant or its agent 'through postal, telephonic, and Internet contacts'" (quoting ATCO Sign & Lighting Co. v. Stamm Mfg. Inc., 680 S.E.2d 571, 576 (Ga. Ct. App. 2009)).

In the context of individuals operating in their corporate capacity, "[t]he status of the individual defendants as employees or officers 'does not somehow insulate them from jurisdiction.'" Amerireach.com, LLC v. Walker, 719 S.E.2d 489, 494 (Ga. 2011) (quoting Calder v. Jones, 465 U.S. 783, 790 (1984)). The Georgia Supreme Court has further held that individuals acting on behalf of a corporation or LLC may be deemed to have transacted business in Georgia "if those employees were primary participants in the activities forming the basis of jurisdiction over the corporation." Id. at 495 (quoting Application to Enforce Admin. Subpoenas Duces Tecum of the SEC v. Knowles, 87 F.3d 413, 418 (10th Cir. 1996)).

Although Individual Defendants' contacts with Georgia while acting on behalf of Intelligent Payments could subject them to personal jurisdiction in Georgia, Plaintiff does not allege in its Complaint that Individual Defendants were primary participants in Intelligent Payments's activities.[2] Nothing in the

---

[2] Instead, Plaintiff contends in its Response Brief, without factual support, that "guarantors were primary participants." Dkt. No. [9] at 9 n.3.

5

Complaint indicates whether Individual Defendants had contacts with Georgia, even in their official capacities. The Complaint does not state whether the MSA was executed in Georgia, whether Individual Defendants had any postal, telephonic, or internet contacts with Georgia, or whether Individual Defendants participated in Intelligent Payments's contacts with Georgia.

As a basis for personal jurisdiction, Plaintiff relies solely on Individual Defendants' execution of personal guaranties for the MSA. Plaintiff argues that because the personal guaranties were annexed to a contract that contemplated performance in Georgia, required contractual notices be sent Global in Georgia, and contained Georgia forum selection and choice of law provisions, personal jurisdiction is proper in Georgia. Dkt. No. [9] at 17. Individual Defendants argue that execution of a personal guaranty without other contacts is not a sufficient basis to confer personal jurisdiction. Dkt. No. [7] at 4.

The Georgia Court of Appeals has found that a personal guaranty with a choice of law provision was not by itself sufficient to confer personal jurisdiction over a nonresident guarantor who was not a party to the underlying contract. Apparel Resources Int'l, Ltd. v. Amersig Se., Inc., 451 S.E.2d 113, 115-16 (Ga. Ct. App. 1994). In Apparel Resources, Defendant Heller had executed a personal guaranty in the event Apparel Resources International failed to pay on its contract with Amersig Southeast, Inc. The guaranty had a forum selection clause that claims arising out of the contract "shall be litigated in courts located within [Georgia]." Id. at 114. The Court found that the personal guaranty did not confer

6

jurisdiction over Heller under O.C.G.A. § 9-10-91(1), the "transacts any business" subsection of the Georgia long-arm statute. Id. at 115.

Plaintiff argues that Apparel Resources is not good law because it was decided prior to Innovative Clinical, which expanded the reach of personal jurisdiction under the "transacts any business" subsection of the Georgia long-arm statute. Dkt. No. [9] at 2. Plaintiff claims that since Innovative Clinical, Georgia state and federal courts have exercised or upheld the exercise of personal jurisdiction over nonresident guarantors in cases similar to the one at hand. Id. at 11. However, three of the four cases Plaintiff cites share one common detail not present in this case—the contracts at issue concerned real property in Georgia. See Bank of the Ozarks v. Kingsland Hospitality, LLC, 2012 WL 5928642 (S.D. Ga. 2012), Noorani v. Sugarloaf Mills Ltd. Partnership of Ga., 708 S.E.2d 685 (Ga. Ct. App. 2011), Paxton v. Citizens Bank & Trust of West Ga., 704 S.E.2d 215 (Ga. Ct. App. 2010). The other case Plaintiff cites is Robertson v. CRI, Inc., 601 S.E.2d 163 (Ga. Ct. App. 2004), which upheld the exercise of personal jurisdiction over a nonresident guarantor who was an officer, director, and shareholder of the defendant corporation that maintained its principal office in Georgia. In Robertson, the guarantor regularly traveled to Georgia in his corporate capacity and had several contacts with Georgia, including by telephone and mail. The present case is distinct from Robertson because there is no evidence that Intelligent Payments has any office in Georgia or that Individual Defendants made any contacts with Georgia on Intelligent Payments's behalf.

The Court finds that the reasoning in Apparel Resources, although based on an earlier interpretation of O.C.G.A. § 9-10-91(1), is still sound. The Georgia Court of Appeals relied on its earlier decision in Mayacamas Corp. v. Gulfstream Aerospace Corp., 380 S.E.2d 303, 305-06 (1989), where it found that a contract with a choice of law provision, standing alone, was insufficient to confer personal jurisdiction over the nonresident signee. The Mayacamas decision was based on the United States Supreme Court's opinion in Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). In Burger King, the Supreme Court specifically stated that "a [choice of law] provision standing alone would be insufficient to confer jurisdiction" but held that "when combined with [a] 20-year interdependent relationship" personal jurisdiction would be appropriate. Id. at 482.

Therefore, Individual Defendants' execution of personal guaranties, attached to a contract with forum selection and choice of law provisions, is not sufficient to confer personal jurisdiction without allegations of other contacts with the forum state. Having decided that the requirements of the Georgia long-arm statute are not satisfied, the Court need not conduct a constitutional inquiry.

### III. Conclusion

Because Plaintiff's Complaint fails to allege that Individual Defendants were the primary participants in the actions giving rise to jurisdiction over Intelligent Payments, and because a personal guaranty alone does not satisfy the "transacts any business" subsection of the Georgia long-arm statute, Individual

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [7] is **GRANTED.**

Third-Party Defendants 123 IT Support, Inc. and Adam Urban are **DIRECTED** to respond to Defendant/Third-Party Plaintiff Intelligent Payments's Third-Party Complaint [8] within fourteen (14) days of the date of this Order. Defendant/Third-Party Plaintiff Intelligent Payments is **DIRECTED** to respond to Third-Party Defendant Ryan Hult's Motion to Dismiss [28] within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED** this 6th day of March, 2014.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE