THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GLOBAL PAYMENTS DIRECT, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>INTELLIGENT PAYMENTS, LLC ET AT )<br>    Defendant, Third-party Plaintiff<br>v.<br>KIM ANDERSON and THE OFFICE CART<br>dba OWASCO MANAGEMENT, ET AL<br>    Third-party Defendant<br>_____/ | CASE NO.: 1:14-cv-02634-LMM |

**DEFENDANT'S ANSWER TO COMPLAINT
AND NOTICE OF AFFIRMATIVE DEFENSES**

Defendants, KIM ANDERSON and THE OFFICE CART dba OWASCO MANAGEMENT ("Defendants"), by and through its undersigned counsel, Jennifer Jacobs, Esq., hereby responds to the Complaint of Third-party Plaintiff, INTELLIGENT PAYMENTS, LLC ("Plaintiff"), and provides notice of its Affirmative Defenses as follows:

1.   Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 1.

2.   Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies all such allegations.

1

3. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies all such allegations.

4. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies all such allegations.

5. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies all such allegations.

6. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies all such allegations.

7. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies all such allegations.

8. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies all such allegations.

9. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies all such allegations.

10. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies all such allegations.

11. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies all such allegations.

12. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies all such allegations.

13. Defendants deny that Kim Anderson has any nexus whatsoever with the subject company, the Office Cart, Inc. d/b/a Owasco Management.

14. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies all such allegations.

15. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies all such allegations.

16. Defendants admit that this Court has original jurisdiction over this litigation, but denies any and all allegations of wrongdoing inferred or contained in any subsequent paragraph contained in this Complaint.

17. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies all such allegations.

18. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies all such allegations.

19. Defendant states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies all such allegations.

20. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies all such allegations.

21. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies all such allegations.

22. Defendants admit to the extent that there is pending litigation in the case referenced in the Complaint.

23. Defendants states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies all such allegations.

24. Defendants deny each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendants deny each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendants denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Defendants denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Defendants denies each and every allegation contained in Paragraph 28 of the Complaint.

29. Defendants denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Defendants denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendants denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendants denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Defendants denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Defendants denies each and every allegation contained in Paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action asserted against Defendant therein fails to set forth facts sufficient to constitute a claim and/or state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

In order to prove indemnification, there must be consideration to support any and all indemnification assertions. Plaintiff has not alleged any proof or support of indemnification.

## THIRD AFFIRMATIVE DEFENSE

Indemnity contracts must be construed based on the intentions of the partiers and the subject parties lacked any and all mental assent regarding the subject agreement.

## FOURTH AFFIRMATIVE DEFENSE

Contractual indemnity requires a contract between the subject parties. The Plaintiff has not submitted any contract, which it claims requires indemnification.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was negligent, on its own, in what it claims requires indemnification.

## **CONCLUSION**

WHEREFORE, Defendants, KIM ANDERSON and THE OFFICE CART dba OWASCO MANAGEMENT, denies that Plaintiff is entitled to declaratory or injunctive relief or judgment in any sum whatsoever, and respectfully requests that the Court enter judgment in favor of Defendants with costs and reasonable attorney's fees assessed against Plaintiff, as well as such other relief that this Court deems just and proper.

Respectfully submitted,

By: _____
Jennifer Jacobs, Esq.
GA. Bar No.: 717456
Jajacobsesq@gmail.com
Law Offices of Jennifer A. Jacobs
1555 N. Maitland Avenue
Maitland, FL. 32751
Tel: 321-972-9904
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 19th, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

*Plaintiff's Attorneys,*
Nathan E. Chapman, Esq.
Anthony E. Giardino, Esq.
Wargo & French LLP
999 Peachtree Street, NE, 26th Floor
Atlanta Georgia 30309

Theodore F. Monroe
Law Offices of Theodore F. Monroe
800 W. Sixth Street , 5th Floor
Los Angeles, California, 90017

_____
Jennifer Jacobs, Esq.
GA. Bar No.: 717456
Jajacobsesq@gmail.com
Law Offices of Jennifer A. Jacobs
1555 N. Maitland Avenue
Maitland, FL. 32751
Tel:  321-972-9904
*Attorney for Defendants*