# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

INTELLIGENT PAYMENTS, LLC,

        Third-Party Plaintiff,

vs.

123 IT SUPPORT, INC.;
DEBTOR PLUS SERVICE, INC.;
MATRIX DATA SYSTEMS, INC.;
RB CONSULTING SERVICES LLC dba
CREDITSERVICES8006161966, dba LIFESTYLE
ADVENTURES;
THE OFFICE CART, INC. dba OWASCO
MANAGEMENT;
ADAM URBAN;
WAYNE SAVAGE;
STEPHANIE AGLEDOR;
JUDE ESPINOZA;
RAYMOND PINTER; and
KIM ANDERSON,

        Third-Party Defendants.

Civil Action No.
1:14-CV-02634-SCJ

## FIRST AMENDED THIRD PARTY COMPLAINT OF INTELLIGENT PAYMENTS, LLC

COMES NOW Intelligent Payments, LLC ("Intelligent" or "Third-Party Plaintiff"), by and through its undersigned counsel, and files this First Amended Third Party Complaint against Third-Party Defendants 123 IT SUPPORT, INC.; DEBTOR PLUS SERVICE, INC.; MATRIX DATA SYSTEMS, INC.; RB

CONSULTING SERVICES LLC d/b/a CREDITSERVICES8006161966, d/b/a LIFESTYLE ADVENTURES; THE OFFICE CART, INC. d/b/a OWASCO MANAGEMENT; ADAM URBAN; WAYNE SAVAGE; STEPHANIE AGLEDOR; JUDE ESPINOZA; RAYMOND PINTER; and KIM ANDERSON (collectively, the "Third-Party Defendants") as follows:

## PARTIES

1.

Intelligent is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business in Plano, Texas. The constituent members of Intelligent are Jeffrey Kendall Mains and John Wesley Shutt. Mr. Mains is a citizen of the State of Texas and Mr. Shutt is a citizen of the State of Tennessee.

2.

Intelligent is an Independent Sales Organization ("ISO") which markets merchant processing services. Intelligent was marketing the merchant processing services of Plaintiff Global Payments Direct, Inc. ("Global" or "Plaintiff").

3.

123 IT Support, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1201 N. Orange Street, Wilmington, Delaware 19801. Adam Urban is a resident of Marco Island, Florida and the guarantor of the merchant agreement. The merchant agreement referred to

herein and below refer to the merchant agreements executed between the defendants and Global.

4.

Avail SEO, Inc. is a corporation organized and existing under the laws of the State of Arizona with its principal place of business at 300 W. Osborn St., Phoenix, Arizona 85013. Wayne Savage is a resident of Avondale, Arizona and a guarantor of the merchant agreement.

5.

Debtor Plus Service, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 20765 NW Miami Place, Miami, Florida 31169. Stephanie Agledor is a resident of Miami, Florida and the guarantor of the merchant agreement.

6.

Diverse Solutions, Inc. is a corporation organized and existing under the laws of the State of Arizona with its principal place of business at 123 E. Baseline Road, Tempe, Arizona 85283. Jude Espinoza is a resident of Phoenix, Arizona and the guarantor of the merchant agreement.

7.

Matrix Data Systems, Inc. is a corporation organized and existing under the laws of the State of Kentucky with its principal place of business at 1355 Bardstown

Road, Louisville, Kentucky, 40204. Raymond Pinter is a resident of Louisville, Kentucky and the guarantor of the merchant agreement.

8.

RB Consulting Services LLC d/b/a CREDITSERVICES8006161966 is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 4907 Augusta Ave, Oldsmar, Florida 34677. The constituent members of the LLC are Rob Brauer, a citizen of Florida. Brauer is the guarantor of the merchant agreement.

9.

The Office Cart, Inc. d/b/a Owasco Management is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 7932 W. Sandlake Road, Orlando, Florida, 32819. Kim Anderson is a resident of Pompano Beach, Florida and the guarantor of the merchant agreement.

**JURISDICTION AND VENUE**

10.

This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between Intelligent, the Third-Party Defendants, and Global and the amount in controversy exceeds $75,000.

11.

This Court possesses personal jurisdiction over the Third-Party Defendants because they consented to jurisdiction in Georgia in the merchant agreements that they executed with Global.

12.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district and because the Third-Party Defendants are subject to the personal jurisdiction of this Court.

**FACTUAL BACKGROUND**

13.

As an ISO, Intelligent seeks out merchants that need credit and debit card processing. Intelligent solicits the merchants and boards them with a processor and/or bank.

14.

Intelligent entered into a Merchant Services Agreement with Global to market Global's merchant processing services. A true and correct copy of said Agreement is attached to Global's Complaint in this action as Exhibit A.

15.

Per that Agreement, Intelligent did obtain and board several merchants with Global. The Third-Party Defendants are all merchants that Intelligent boarded with Global.

16.

Previously pending before the Court was the case of *Global Payments Direct, Inc. v. Intelligent Payments, Inc. et al*, case no. 1:14-CV-02634-SCJ and the counterclaim of *Intelligent Payments, Inc. v. Global Payments Direct, Inc.*

17.

In Global's Complaint, Global alleges that Intelligent owes it $1.9 million, plus attorneys' fees and costs, because of an excessive number of chargebacks incurred by the Third-Party Defendants.

18.

As part of Global's settlement with Intelligent, it assigned its claims against the Third-Party Defendants to Intelligent.

**COUNT III:**
**BREACH OF CONTRACT**
**(Against all Third-Party Defendants)**

19.

Intelligent incorporates the foregoing Paragraphs 1 through 18 as if fully set forth herein.

20.

Pursuant to the Merchant Services Agreement and settlement agreement between Global and Intelligent, Global has assigned to Intelligent its claims against Third-Party defendants for at least $1.9 million in chargebacks.

21.

Third-Party Defendants at all times mentioned were contractually obligated to Global. As a result of this contractual relationship, Third-Party Defendants allowed transactions to be processed through Global. Many of these transactions resulted in chargebacks which constituted breaches of the respective contracts and caused damage to Global.

22.

As part of the Third-Party Defendants' Merchant Agreements and Guaranties, the business entities and principals agreed to be liable for any and all chargebacks on their merchant accounts. Upon information and belief, demand was made on the Third-Party Defendants for reimbursement of the chargebacks on their respective merchant accounts. Third-Party Defendants have refused to reimburse Global and Intelligent for these chargebacks.

23.

As a direct result of this contractual relationship and its breach by the Third-Party Defendants, Intelligent has employed attorneys to defend against Global's action and pursue this action against the Third-Party Defendants. Intelligent has now incurred, and will continue to incur, further costs and attorneys' fees in connection with this action.

24.

Intelligent alleges that it is entitled to damages (based on their respective share of each of the Third-Party Defendants' chargebacks) from the Third-Party Defendants and for all costs and attorneys' fees incurred in the defense of the complaint and the prosecution of this First Amended Third-Party Complaint pursuant to the terms and conditions of the respective merchant agreements and guaranties.

### COUNT IV:
### FRAUD
**(Against all Third-Party Defendants with the exception of Matrix Data Systems, Inc. and Raymond Pinter)**

25.

Intelligent incorporates the foregoing Paragraphs 1 through 24 as if fully set forth herein.

26.

The chargebacks by the Third-Party Defendants described under Count I are the result of fraudulent transactions on the merchant accounts.

27.

The Third-Party Defendants represented that they would be responsible for charges made on their merchant accounts and not allow other merchants to process credit card transactions through their accounts.

28.

Third-Party Defendants made at least the following additional false representations:

> A. Third-Party Defendants provided false representations on merchant applications;
>
> B. Third-Party Defendants misrepresented merchant company ownership, line of business, transaction volume, and transaction purpose on merchant applications.
>
> C. Third-Party Defendants acted as straw signers to obtain merchant processing under false pretenses as the accounts were not for these signers, but for other unrelated 3rd party companies.
>
> D. Third-Party Defendants misrepresented products sold by companies in order to obtain merchant processing accounts.

E. Third-Party Defendants defrauded consumers by charging for services not provided, services other than those contracted for, etc. This is evidenced by the quantity and extremely high percentage of chargebacks (which caused the losses) many of which were disputed by consumers for "fraud", "unauthorized charge", or "goods/services not received".

29.

As more fully set forth above, Third-Party Defendants acted intentionally relative to their acts of fraud and deceit and knew their statements and actions (and conversely concealments) to be false at the time they were made and that same would damage and/or injure Global and Third Party Plaintiff. The factual bases include but are not limited to:

A. Facts set forth in paragraphs incorporated into this cause of action by reference;

B. The conduct in question was part of an established and premeditated scheme and was not accidental or coincidental; and

C. The Third-Party Defendants specifically and intentionally engaged in acts which they knew would upset and damage Intelligent by exposing Intelligent to tremendous financial losses.

30.

Intelligent reasonably relied upon these misrepresentations and/or conversely on the concealment of material facts. Intelligent was reasonable in its reliance at all relevant times and in particular during March 2013 to the present. Intelligent's reliance ultimately proved extremely detrimental, as more fully set forth above. The factual bases upon which Intelligent bases these allegations include, but are not limited to:

Intelligent was not aware Third-Party Defendants were falsifying the merchant data being submitted to Intelligent; and Third-Party Defendants held themselves out as honorable and trustworthy people and entities, and at that time, Intelligent had no reason to doubt them.

31.

Intelligent was ignorant of the falsity of Third-Party Defendants' representations.

32.

Intelligent was also ignorant of the misleading character of Third-Party Defendants' other statements due to their failure to disclose material facts.

33.

Intelligent reasonably relied on Third-Party Defendants' representations.

34.

Intelligent was induced by Third-Party Defendants' false representations to act.

35.

Intelligent's actions in reliance on Third-Party Defendants' material false representations includes:

A. Allowing Third-Party Defendants to set up merchant accounts through Global Payments; and

B. Processing credit card transactions for merchants other than Third-Party Defendants on their respective accounts.

36.

Intelligent was damaged as a direct and proximate result of Intelligent's reliance upon the false representations of Third-Party Defendants.

37.

As a proximate result of Third-Party Defendants' conduct, Intelligent has suffered substantial damages, in a sum to be proven at trial. Intelligent's damages are continuing and ongoing.

38.

Third-Party Defendants' conduct as described herein was willful and malicious, and otherwise manifests a knowing and reckless indifference toward, and

disregard of, Intelligent's rights, and, as a result, Third-Party Defendants should be required to pay punitive damages in an amount sufficient to punish them for their conduct and to deter them and others similarly situated from engaging in similar conduct in the future, which amount shall be determined at the trial of this matter.

WHEREFORE, Third-Party Plaintiff prays for the following relief pursuant to this Amended Third-Party Complaint in addition to the relief prayed for in the initial Third-Party Complaint as follows:

    A. As to Count III, for a judgment against Third-Party Defendants in an amount to be determined by the trier of fact;

    B. Also as to Count III, for a Judgment against the Third-Party Defendants, and each of them, on a comparative fault basis for the amount of said Judgment obtained and for sums expended in the defense of this action and the prosecution of this action, including Court costs, expenses of investigation and reasonable attorneys' fees;

    C. As to Count IV, for a judgment against Third-Party Defendants in an amount to be determined by the trier of fact;

D. Also as to Count IV, for a Judgment against the Third-Party Defendants, and each of them, on a comparative fault basis for the amount of said Judgment obtained and for sums expended in the defense of this action and the prosecution of this action, including Court costs, expenses of investigation and reasonable attorneys' fees;

E. An award of punitive damages in an amount sufficient to punish Defendants for their conduct alleged herein and to deter Third-Party Defendants and others similarly situated from engaging in such conduct in the future;

F. For such other and further relief as the Court may deem just and proper; and

G. Third Party Plaintiff hereby demands a trial by jury in this action.

Respectfully submitted this __th day of _____, 2017,

/s/ D. Michael Sweetnam
D. Michael Sweetnam
Georgia Bar No.: 694960

/s/ Kyle W. Brent
Kyle W. Brent
Georgia Bar No.: 140170
Attorneys for Third Party Plaintiff Intelligent Payments LLC

SWEETNAM & SCHWARTZ, LLC
Suite 190
1200 ASHWOOD PARKWAY
Atlanta, Georgia 30338
Phone: (470) 395-7679
Fax: (770) 234-6779
kwb@mseslegal.com