IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INTELLIGENT PAYMENTS, LLC,<br><br>　　Third Party Plaintiff,<br><br>v.<br><br>123 IT SUPPORT, INC., *et al.*,<br><br>　　Third Party Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>1:14-CV-2634-LMM |

## **ORDER**

This matter is before the Court on Third Party Defendant Adam Urban's Motion for Partial Reconsideration [154]. After due consideration, the Court enters the following Order:

**I.　BACKGROUND**

On February 26, 2018, the Court referred this case to the Magistrate Judge to conduct mediation between the remaining parties. Dkt. No. [142]. Adam Urban did not attend the mediation because he claimed that he had relocated to the Czech Republic and had not been receiving forwarded mail. Dkt. No. [146] at 2-3. The Magistrate Judge recommended that default judgment be entered against Urban, and the Court adopted the recommendation over Urban's objection. Dkt. No. [151]. Urban now asks the Court to reconsider its Order placing Urban in default. Dkt. No. [154].

## II.    LEGAL STANDARD

Generally, parties "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (internal citations omitted). Rather, to warrant vacating an order, parties must satisfy the standards of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993).

Appropriate grounds for reconsideration under Rule 59(e) include: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)); Estate of Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). Likewise, appropriate grounds for reconsideration under Rule 60 include "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. FED. R. CIV. P. 60(b). A party may also seek relief from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

### III.   DISCUSSION

Urban argues that the Court should reconsider its Order placing Urban in default because Urban could not attend the mediation as he was not (1) receiving mail based on circumstances beyond his control; and (2) given the opportunity to attend the mediation via phone.[1]

As an initial matter, Urban's Motion is untimely. A party must file a motion for reconsideration within twenty-eight days after entry of the order or judgment that the party wishes the Court to reconsider. LR 7.2(E), NDGa. The Court entered its Order placing Urban in default on May 10, 2018, and Urban did not file his Motion for Partial Reconsideration until July 2, 2018, approximately fifty-three days later.

And even if Urban's Motion was timely filed, it would still be denied because it does not present (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Hood, 300 F. App'x at 700. Urban already argued that his mail was not timely forwarded in his objection to the R&R, Dkt. No. [149], and the Court rejected his argument when it adopted the R&R. Dkt. No. [151]. And though some parties were given the opportunity to attend the mediation via phone, those parties "received advanced permission" from the Magistrate Judge to do so, which Urban did not seek. Dkt. No. [146] at 2.

---

[1] The remainder of Urban's Motion seems to be responding to Third Party Plaintiff's Default Judgment Motion. Dkt. No. [154] at 3-5.

Accordingly, Urban's Motion for Partial Reconsideration is **DENIED**.

IV. <u>**CONCLUSION**</u>

For the above stated reasons, the Court **DENIES** Urban's Motion for Partial Reconsideration [154].

**IT IS SO ORDERED** this 20th day of August, 2018.

_____
HONORABLE LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE